IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN RIOS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-14-CV-0282-KC-RFC |
| | § | |
| LIEUTENANT JUAN BRIONES, | § | |
| JOHN DOES, SIX UNKNOWN | § | |
| EL PASO POLICE OFFICERS | § | |
| | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is a motion to dismiss filed by Defendant Lieutenant Briones of the El Paso Police Department, in both his individual and official capacities, based on statute of limitations and qualified immunity. Doc. 22. After due consideration, the Court recommends that Defendant's motion be denied as to Defendant in his individual capacity, and that Defendant in his official capacity be dismissed.

**I.    Procedural History**

Plaintiff's motion to proceed *in forma pauperis* with a civil rights complaint was received by the Court on July 24, 2014. Doc. 1. The motion was granted, the complaint was filed, and Defendants were served. Docs. 7, 8, 19-21. Defendant Briones filed a motion to dismiss on September 2, 2014, asserting that Plaintiff's complaint was barred by the statute of limitations, that he was entitled to qualified immunity, and that Plaintiff failed to state a claim. Doc. 22. Plaintiff filed a response to that motion on October 27, 2014, arguing that his complaint was timely filed

based on the inmate mailbox rule, and that Defendants were not entitled to qualified immunity. Doc. 26.

## II. Plaintiff's Factual Allegations

Plaintiff alleges that he was arrested on or about July 28, 2010, at which time he was pulled out of his vehicle and thrown on the hot pavement. Doc. 8 at 4. After he was in handcuffs, he was kicked and punched in the torso and facial area repeatedly for approximately two minutes. *Id*. In his response to Defendant's motion to dismiss, Plaintiff clarified that when he was in handcuffs, he was not resisting arrest. Doc. 26 at 1. Plaintiff heard the officers laughing, hollering, and saw the officers making rude gestures. Doc. 8 at 4. Plaintiff was taken to the hospital and given x-rays, which revealed multiple fractured ribs; he also had a black eye and numerous head injuries. *Id*. Plaintiff also alleges that "they" would at no time allow any medical personnel to administer any pain medication. *Id*. Plaintiff asserts that Defendants assaulted Plaintiff in his car, used excessive force, and refused Plaintiff medical attention and pain medication. Doc. 8 at 3.

Defendant Briones alleges that Plaintiff resisted arrest, and after a struggle, was ultimately handcuffed and placed under arrest. Doc. 22 at 1. Defendant Briones contends that the force used to arrest him was objectively reasonable. *Id*. at 4-7. Defendant argues that Plaintiff did get medical treatment, that he was not personally implicated in the denial of pain medication, and that he was himself unable to administer pain medication. *Id.*

## III. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal citation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the "complaint has not nudged [plaintiff's] claims .. ."across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679-680.

*Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to be liberally construed in favor of the Plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). A *pro se* complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id*. However, *pro se* litigants are still required to provide sufficient facts in support of their claims; mere conclusory allegations are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

### A. Statute of Limitations

Plaintiff's claims are subject to a two-year limitations period. Because federal statute sets forth no limitations period for section 1983 suits, federal courts look to the forum state's general or residual personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 582 (1989). The applicable period of limitations under Texas law is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). A cause of action accrues, and the statute of limitations begins to run, "from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

Defendant Briones argues that Plaintiff's causes of action accrued on or about July 28, 2010, and thus his period of limitations expired on July 28, 2012. Doc. 22 at 3. Defendant Briones further contends that Plaintiff presented no evidence of tolling. *See Rodriguez*, 963 F.2d at 804. Plaintiff responds that his complaint is not barred by limitations because he relied upon the prison mail system and had placed his complaint with his motion to proceed *in forma pauperis* into the prison mail system on June 6, 2012. Doc. 8 at 5; 26 at 1-2.

Pursuant to the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006), citing *Lack*, 487 U.S. at 270-71. The prison mailbox rule applies to the filing of §1983 complaints. *See Cooper v. Brookshire*, 70 F.3d 377, 378-81 (5th Cir. 1995).

If Plaintiff's motion to proceed *in forma pauperis* with his *pro se* complaint was placed in the prison mail system the date it was signed and dated, June 6, 2012, then it was filed on that date for purposes of limitations calculations. Defendant Briones did not reply to Plaintiff's response and has not provided any argument or evidence that Plaintiff's motion and complaint were not submitted to the prison mail system on that date. Therefore, Defendant Briones's motion to dismiss Plaintiff's claims as barred by the statute of limitations should be denied.

  **B.**  **Individual Capacity- Qualified Immunity & Failure to State a Claim**

Defendant Briones asserts that he is entitled to qualified immunity. He argues that the claims against him arose from the performance of his duties as a police officer for the City of El Paso, Texas and that he was acting: (1) within the course and scope of his official governmental

4

duties; (2) pursuant to clearly established law in existence at the time; and (3) without specific malicious intent. Doc. 22 at 4-5.

Qualified immunity protects a government official in his individual capacity from civil liability for his performance of discretionary functions of performing his job when the official's conduct has not violated clearly established federal statutory or constitutional rights of which a reasonable person would have been aware, even if the defendant's alleged conduct violated other standards such as internal guidelines, ethical principles, regulations or statutes. *Davis v. Scherer*, 468 U.S. 183, 191 (1984). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law" from not only liability, but the burdens of defending against claims, including engaging in the process of discovery. *DePree v. Sanders*, 588 F.3d 282, 287 (5th Cir. 2009).

Qualified immunity is evaluated under a two-part test: (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "To be clearly established . . . , the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoting *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004 ) (*en banc*)) (internal citations and alterations omitted). Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Where qualified immunity is raised in a motion to dismiss for failure to state a claim, the plaintiff's burden is satisfied if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). In other words, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id*.

1. **Section 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.*" Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

a. **Excessive Force Violating the Fourth Amendment**

Plaintiff asserts a claim under the Fourth Amendment that Defendants used excessive force against him in the process of arresting him on July 28, 2010. Doc. 8 at 4. To maintain a claim for excessive force, a plaintiff must allege (1) an injury (2) resulting from a use of force that was excessive to the need and (3) that was objectively unreasonable. *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (addressing Fourth Amendment right). "Not every malevolent touch by a prison guard gives rise to a federal cause of action" "the Eighth Amendment's prohibition of 'cruel and

6

unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 36-37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "[A]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The central question is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). In determining whether the use of force was constitutionally excessive, factors to consider include: (1) "the extent of injury suffered by an inmate," (2) "the need for application of force," (3) "the relationship between that need and the amount of force used," (4) "the threat reasonably perceived by the responsible officials," and (5) "any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "[P]hysical abuse directed at [an arrestee] after he terminate[s] his resistance to authority would constitute an actionable eighth amendment violation." *Ort v. White*, 813 F.2d 318, 324 (11th Cir. 1987).

Plaintiff alleged that Defendant Briones was a governmental official who, while arresting Plaintiff, used excessive force against him, kicking him and punching him in his torso and head area for approximately two minutes along with other officers, fracturing multiple ribs. Doc. 8 at 3-4. Defendant Briones alleges that any force used was reasonable and that Plaintiff failed to allege specific factual allegations that the use of force was objectively unreasonable or that it violated the Fourth Amendment; nor, he argues, did Plaintiff allege the requisite intent. Doc. 22 at 4-6. In his response to Defendant Briones' motion to dismiss, Plaintiff clarified that the kicking and punching

7

had occurred while he was in handcuffs and not resisting arrest. Doc. 26 at 1. He alleged that he followed the officers' orders in getting out of his vehicle. *Id*. He also alleges hearing the officers laughing, hollering, and seeing them making rude gestures. Doc. 8 at 4.

Plaintiff alleged fractured ribs, head injuries, and a black eye. Doc. 8 at 4. His added allegation in his response to Defendant Briones' motion addressed the need for application of force; at the time when the force he complains of was applied, he alleges that he was not resisting arrest. Doc. 26 at 1. Plaintiff's allegations do not address any threat reasonably perceived by the officials or any efforts made to temper the severity of the force used. However, the relationship between the need and the amount of force used, taking all of Plaintiff's alleged facts as true, reflects an objectively unreasonable use of force. Defendant Briones is not entitled to dismissal with respect to Plaintiff's excessive force claims against him in his individual capacity based on qualified immunity or failure to state a claim.

### b. Deliberate Indifference to Serious Medical Needs

Plaintiff also asserts a claim under the Fourth Amendment for deliberate indifference to serious medical needs. Plaintiff alleges that, although Defendants took him to the hospital after he was arrested and beaten on July 28, 2010, and Plaintiff had x-rays taken, Defendants refused to allow medical personnel to administer pain medications to Plaintiff. Doc. 8 at 4. The Fourth Amendment forbids deliberate indifference to the serious medical needs of those in detention pre-trial, as the Eighth Amendment does for prisoners, amounting to unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). To demonstrate deliberate indifference, a prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health.

8

*Farmer v. Brennan*, 511 U.S. 825, 834, 837-38 (1994). In other words, the prisoner must show that: "(1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicated that the official subjectively intended that harm to occur." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

"[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. Deliberate indifference is an extremely high standard to meet; Plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Medical records reflecting treatment including sick-calls, exams, diagnoses, and medication, can rebut allegations of deliberate indifference. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993). Differences of opinion as to the appropriate method of treatment under the circumstances does not itself establish deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999) (citing *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997)).

Defendant Briones argues that Plaintiff's allegations, that he was taken to the hospital and had x-rays taken, undermine his claim that Defendant Briones refused to provide Plaintiff medical attention. Doc. 22 at 6. The allegation that Plaintiff specifies is the refusal to allow medical personnel to administer pain medication. Doc. 8 at 4. Defendant Briones asserts that Plaintiff does

9

not allege that Defendant Briones was personally involved in the withholding of pain medication; referring only to "they." *Id*. The Court interprets Plaintiff's allegations differently, liberally and in the light most favorable to Plaintiff, to refer to all of the Defendants, the seven officers that were involved with arresting him and taking him to the hospital. *See* Doc. 8 at 3-4. Preventing medical staff from administering pain medication to someone with multiple fractured ribs and head injuries may constitute "similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Defendant Briones in his individual capacity is not entitled to qualified immunity with respect to this claim and his motion to dismiss this claim should be denied.

### C. Official Capacity- Qualified Immunity & Failure to State a Claim

Defendant Briones does not make an independent argument regarding Plaintiff's claim against him in his official capacity. *See* Doc. 22. The Court, however, should dismiss on its own motion any claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915, 1915A. Defendant Briones' motion to dismiss clearly states that Defendant Briones appears both in his individual capacity and in his official capacity as a police officer with the City of El Paso Police Department. Doc. 45 at 1. The Court agrees that Plaintiff's complaint should be liberally construed to state claims against Defendant Briones in both his individual and official capacities. *See Cooper v. Hung*, 485 Fed. Appx. 680 at *685 (5th Cir. 2012) (construing *pro se* complaint liberally as suing in both individual and official capacities because Plaintiff listed the official position of each defendant); *Mayfield v. Tx. Dep't Crim. Justice*, 529 F.3d 599, 605 (5th Cir. 2008) (form of relief sought—declaratory and injunctive—also indicative of official-capacity suit); *Cuppay v. Cain*, 2009 WL 1470426 (M.D. La. 2009) (construing *pro se*

complaint liberally to assert claims against defendant in both individual and official capacities) citing *Haines v. Kerner*, 404 U.S. 519 (1972). Suit against an officer in his official capacity, however, is just "another way of pleading an action against an entity of which the officer is an agent, *Monnell v. Dep't of Social Svs.*, 436 U.S. 658, 690 n. 55 (1978), and therefore a suit against an officer in his official capacity is to be treated as a suit against the entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)." *Johnson v. Bryant*, 46 F.3d 66 at *2 fn. 3 (5th Cir. 1995). In this case, the entity would be the City of El Paso or the El Paso Police Department.

A defendant sued in his official capacity has no right to qualified immunity because the municipal entity the officer represents has no right to qualified immunity. *Owen v. City of Independence, Mo.,* 445 U.S. 6222 (1980); *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 406 (5th Cir. 2007); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 476 (5th Cir. 1999). However, to state a claim against a municipality under Section 1983, a plaintiff must allege a deprivation of constitutional rights caused by the execution of a municipality's official or unofficial policy, custom, or procedure, or by one whose "edicts or acts may fairly be said to represent official policy." *Monell v. Dept. of Soc. Svs. of City of New York*, 436 U.S. 658, 690, 694-95 (1978). The municipality cannot be held liable solely because it employs a tortfeasor under a theory of *respondeat superior*. *Id*. at 691, 694.

Even liberally construed, Plaintiff's complaint has not alleged the existence of any official or unofficial policy, custom, or procedure causing his alleged constitutional deprivations, nor identified any defendant as one whose edicts or acts may fairly be said to represent official policy causing the alleged deprivations of Plaintiff's constitutional rights. *See* Doc. 8. Consequently, the

Court finds that Plaintiff's Section 1983 claims against Defendant Briones in his official capacity should be dismissed for failure to state a claim upon which relief could be granted.

D. **State Law Assault Claim**

Defendant Briones contends that Plaintiff's allegations are insufficient to state a claim for assault under state law because the touching in an assault must be without justification and a peace officer can assert the defense of justification for using force to make an arrest or conduct a search. Doc. 22 at 7, citing TEX. PEN. CODE § 9.51. Defendant Briones argues that Plaintiff's resistance and refusal to follow commands provide both justification and excuse for the force used, which Defendant Briones contends was reasonable. Doc. 22 at 7. The standard of review in a motion to dismiss under Rule 12b(6), however, requires the Court to assume the truth of Plaintiff's well-pled facts, which includes that he was not resisting the officers after he was handcuffed and that it was at that point that the officers kicked and punched him in the torso and head area repeatedly for approximately two minutes. Doc. 8 at 4; 26 at 1. These allegations are sufficient to survive the motion to dismiss under Rule 12b(6) by Defendant Briones in his individual capacity.

Defendant Briones' motion to dismiss does not advance a separate argument for dismissal of the state law claim against him in his official capacity. However, the Court is authorized to dismiss on its own motion a claim for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Again, a suit against Defendant Briones in his official capacity is to be treated as a suit against the City of El Paso. *See Will*, 491 U.S. at 71. Governmental immunity generally protects municipalities from suit unless the immunity has been waived by the constitution or state law. *City of Watauga v. Gordon*, 434 S.W. 3d 586, 589 (Tex. 2014). The Texas Tort Claims Act does not waive immunity when the claim arises out of an intentional tort. *Gordon*, 434 S.W. 3d at

587; Tex. Civ Prac. & Rem. Code 101.057(2) (intentional tort exception to Texas Tort Claims Act's sovereign immunity waiver). A claim of excessive force in effecting an arrest arises out of a battery rather than negligence, regardless of whether excessive force was intended or not. *Gordon*, 434 S.W.3d at 594. Furthermore, the filing of a suit against a municipal employee regarding the same subject matter constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit in recovery by the plaintiff against the governmental unit under the Texas Tort Claims Act, unless the governmental unit consents. Tex. Civ Prac. & Rem. Code § 101.106(b). Thus, Plaintiff fails to state a state law claim of assault or battery or excessive force against Defendant Briones in his official capacity.

Defendant Briones in his official capacity should be dismissed from the suit.

### VI. Conclusion

For the reasons set forth above, the Court **RECOMMENDS** that the Motion to Dismiss Defendant Briones in his individual capacity be **DENIED** and that Defendant Briones in his official capacity be **DISMISSED** from the suit.

**SIGNED** and **ENTERED** on April 20, 2015.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE